IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LAMONT VAN HARRIS,

           Petitioner,

v.                               CIVIL ACTION NO. 2:15-cv-04104
                                      (Criminal No. 2:11-cr-00240)

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Petitioner Lamont Van Harris, acting *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 142.) By Standing Order entered May 7, 2014, (ECF No. 143), this case was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and a recommendation for disposition ("PF&R"). On February 3, 2017, Magistrate Judge Eifert issued a PF&R recommending that the Court find that Petitioner's motion is untimely under 28 U.S.C. § 2255(f) and, therefore, deny the § 2255 Motion and dismiss this matter from the docket of the Court. (ECF No. 151.)

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and Petitioner's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States*

1

*v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Eifert's PF&R were due on February 21, 2017. The Court received Petitioner's objections to the PF&R on February 20, 2017.

Petitioner's first specific objection is to the Magistrate Judge's finding and recommendation that because his § 2255 motion was not timely filed, this case must be dismissed. (ECF No. 153.) Petitioner argues that his filing was timely because after informing him that his first § 2255 motion was frivolous, the Court granted his motion to withdraw and recharacterize that first § 2255 motion.[1] Thus, he argues that the statute of limitations was tolled, giving Petitioner additional time to file the current motion. He states the following in his objections:

> It was Dec. 30, 2014 the court granted motion to withdraw and recharacterize. With the help of inmate litigator movant file in April of 2015 recharacterize 2255. The December 2014 date from the point granted the tolling time begin. Since well after the initial October date the original deadline.
>
> Movant like the courts to know from January 2013 until January 2014 he was Writ to State of West Virginia. Responses and Appeals where at FCI McDowell when taken back into Federal Custody. Which effect tolling.

*Id*.

Petitioner's contentions have no basis in fact or law. To begin, the PF&R correctly articulates the legal standards governing the one-year time limitation on filing motions under 28 U.S.C. § 2255(f). Petitioner's one-year deadline for filing a § 2255 motion was October 7,

---

[1] Magistrate Judge Eifert noted the following regarding the procedural posture of Petitioner's case:

> [Petitioner] unsuccessfully appealed his conviction to the United States Court of Appeals for the Fourth Circuit and then filed a Petition for a Writ of Certiorari in the United States Supreme Court, which was denied on October 7, 2013. (ECF Nos. 111, 135 at 2, 146-1 at 8.) He filed a § 2255 action in this Court in 2014; however, subsequent to the government's response, he moved to withdraw his motion as frivolous. The Court granted Petitioner's motion to withdraw and denied his § 2255 motion as moot. (ECF Nos. 130, 135 at 4-8, 137, 138, 139, 140.)

(ECF No. 151 at 2.)

2014—exactly one year from the date the United States Supreme Court denied Petitioner's Petition for a Writ of Certiorari, which was the date when Petitioner's conviction became final, as provided in § 2255(f)(1).

Insofar as Petitioner seems to believe that the Court gave him the opportunity to "recharacterize" his first motion—thus tolling the statute of limitations—he is incorrect. The Court granted Petitioner's "Motion to Withdraw 2255 Petition to Vacate, Set Aside, or Correct Sentence" wherein Petitioner conceded that his petition "lack[ed] constitutional grounds" and "was frivolously filed." (ECF Nos. 138, 139.) In granting that motion, the Court denied Petitioner's § 2255 motions and closed his civil case. The Court did not give Petitioner the opportunity to amend the pending motions, nor did he move to do so. His subsequently filed § 2255 motion in this case was not docketed in the closed habeas action and does not relate back to it for the purposes of the statute of limitations.[2] (ECF No. 146.) *See also Duncan v. Walker*, 533 U.S. 167, 181–82

---

[2] There is no mandatory authority enumerating an exhaustive list of scenarios in which relation back is appropriate for tolling purposes, but the Fourth Circuit has held in limited scenarios that § 2255 motions can relate back. *See, e.g.*, *United States v. Brown*, 596 F. App'x 209, 210–11 (4th Cir. 2015) (finding that F.R.C.P. 15 should apply to a § 2255 motion when there has been an attempt to amend the motion, thus providing a situation where an amendment may relate back under Rule 15, but where a movant filed a new claim more than a year after his conviction became final, the amendment did not relate back because "the actual innocence claim does not arise from the 'conduct, transaction, or occurrence' in the original pleading, it does not relate back to the date of the original pleading" (citing Fed. R. Civ. P. 15(c)(1)(B); *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (holding new claim must be of same 'time and type' as original claims))); *United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (holding that "if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion . . . [and] [i]f, within the time set by the court, the movant agrees to have the motion recharacterized or by default acquiesces, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed"); *Smith v. Warden*, No. 5:11-HC-2129-FL, 2012 U.S. Dist. LEXIS 17391, at *8–9 (E.D.N.C. Feb. 10, 2012) ("If petitioner agrees to or acquiesces in the recharacterization, the court shall permit amendments to the motion to the extent permitted by law. *See United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (noting that amendments to a § 2255 motion made after expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely), *overruled on other grounds by United States v. Blackstock*, 513 F.3d 128, 132-133 (4th Cir. 2008).").
However, the instant motion and attendant circumstances do not fit into any of the case law providing for the applicability of the relation back doctrine to analogous factual circumstances as currently before the Court, nor has Petitioner guided the Court in locating appropriate authority supporting such a proposition. In his original § 2255 motion, which Petitioner conceded "lack[ed] constitutional grounds" and "was frivolously filed," Petitioner claimed

(2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.")). Petitioner's "recharacterization" argument relies on Federal Rule of Civil Procedure 15, which addresses a party's ability to amend or supplement pleadings. (*See* ECF No. 147.) However, as stated, the Court did not grant Petitioner leave to amend his pleading in the previous case when granting his motion to withdraw and closing the case. Further, because the filing date of the current motion does not relate back to the filing date of the § 2255 motion in Petitioner's previous case, as he appears to argue, the current § 2255 motion was filed after the one-year statute of limitations ran and is time-barred.

Furthermore, Petitioner's claim that "he was Writ to the State of West Virginia" from January 2013 to January 2014 while all of his "[r]esponses and [a]ppeals where [sic] at FCI McDowell when taken back into Federal Custody[,] which effect tolling," has no impact on the current analysis. The Court will construe his argument as an attempt at application of 28 U.S.C. § 2255(f)(2). Section 2255(f) provides that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-- . . . (2) the date on which the

---

that he was entitled to relief based on "Prosecution Misconduct an Unethic [sic] Practice; Malicious," ineffective assistance of counsel by both the public defender assigned to his case and the CJA counsel who was later appointed for sentencing, "New Testimony differentiate in State after Federal," and that the Government did not prove beyond a reasonable doubt "possession of an ammunition offenses . . . that the defendant's charged was 'in or affecting commerce.'" (ECF No. 135 at 4–11, 32.) Petitioner's current § 2255 motion alleges similar misconduct by the prosecutor in the underlying criminal case as well as ineffective assistance by trial counsel. (ECF No. 142 at 3–5.) Unlike his first motion, Petitioner newly alleges that he was biased by local media coverage which "improperyly [sic] biased the jury and adversely affected its deliberations" and "that police televised statements was inaddmissible [sic] and inflamatory [sic] material and the ends of public jsutice [sic] by such turned on evidence stated by police and present to the court makes a mistrial necessary." (*Id*.) The similarities and differences of the two separate motions are of no consequence to this analysis. As noted *infra*, Petitioner's new § 2255 is not an amendment to the original § 2255 nor does this Court construe it as such, and neither does the Court find the new § 2255 to be a permissible re-characterization.

4

impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action . . . ."

Section 2255(f)(2) is inapplicable here to toll the date on which the statute of limitations began running. For § 2255(f)(2) to apply, there must be an unlawful government impediment. *Robbs v. United States*, No. 3:16-cv-00538-FDW, 2017 WL 4225992, at *7 n.5 (W.D.N.C. Sept. 21, 2017). If such impediment exists, the statute of limitations will not begin to run until one year after the removal of the impediment. *Id*. An impediment "speaks to hindering an effort." *Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000) ("Because the term 'impediment' is not defined in the AEDPA, we turn to the dictionary definition for its common meaning." (citations omitted)); *see also Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (citing *Minter* and finding that § 2244(d)(1)(B) is equivalent to § 2255(f)(2)). Petitioner does not provide any evidence that unlawful governmental actions were taken which hindered his ability to file his motion. Petitioner claims that his "[r]esponses and [a]ppeals" were at FCI McDowell, which the Court construes to mean that Petitioner was unable to access the documents he needed to draft and file his motion. There is no evidence to show that Petitioner would not have been able to get his documents if he asked or that governmental actions were taken to hinder his ability to get those documents. Petitioner does not allege that the Government acted unlawfully to hinder his ability to complete the motion.

Petitioner's last objection asks the Court to consider lock-downs at the institution where he was being held. (ECF No. 153.) The Court will construe this objection as Petitioner asking for the application of equitable tolling to the statute of limitations. Considering Petitioner's claim

that his § 2255 motion is entitled to equitable tolling of the limitations period, there is no evidence before the Court that would allow equitable tolling to apply in this situation. "Equitable tolling is only applicable in rare instances where a party has diligently pursued his rights, but 'due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Petitioner does not provide any evidence that the lock-downs at his institution have had such a negative effect on him that enforcement of the limitations period would be unconscionable, or that the lockdowns took place at all. (ECF No. 153 at 1 (stating conclusively that "[a]s of current lock-downs 24 hrs no access to nothing occurrs [sic] around 4 to 6 months of the calander [sic] year").) As such, the Court will not apply equitable tolling to save the current motion under § 2255.

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, (ECF No. 153), **ADOPTS** the PF&R, (ECF No. 151), **DENIES** Petitioner's § 2255 motion, (ECF No. 142), **DISMISSES** this case, and **DIRECTS** the Clerk to remove this action from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28

U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Court thus **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:      December 29, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE