```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:11-00240

LAMONT VAN HARRIS

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's letter form motion asking for a sentence reduction in light of the COVID-19 pandemic.  See ECF No. 158.  For the reasons expressed below, defendant's motion is **DENIED**.

I.

On October 18, 2011, a federal grand jury returned an indictment against defendant charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On January 4, 2012, defendant was found guilty following a two-day jury trial.  On August 16, 2012, Harris was sentenced to a term of imprisonment of 120 months to be followed by a term of supervised release of three years.  He is currently housed at USP Hazelton and, according to the Bureau of Prisons' website, his current projected release date is April 29, 2022.

II.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment previously imposed if it finds that "extraordinary and compelling reasons warrant such a reduction"

and "such a reduction is with applicable policy statements issued by the Sentencing Commission[.]" See also United States v. McCoy, 981 F.3d 271, 280 (4th Cir. 2020).

The First Step Act empowers criminal defendants to ask courts to grant them compassionate release pursuant to 18 U.S.C § 3582(c). But before they make such requests to the court, defendants must first ask BOP via the administrative process and give BOP thirty days to respond. See id. § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after either BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment." Id. § 3582(c)(1)(A)(i). Here, it is not clear that defendant has exhausted his remedies but the court will assume he has.

To warrant compassionate release, defendant must show that: (1) extraordinary and compelling reasons warrant a sentence reduction; and (2) the reduction satisfies the sentencing factors in 18 U.S.C. § 3553(a). It is worth emphasizing that compassionate release is "an extraordinary and rare event." United States v. Mangarella, 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, *2-3 (W.D.N.C. Mar. 16, 2020). "Simply put, the coronavirus is not tantamount to a 'get out of jail free' card."

United States v. Williams, PWG13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020).

A.  **Extraordinary and Compelling Reasons**

The United States Court of Appeals for the Fourth Circuit has recognized that "arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19." United States v. High, 997 F.3d 181, 185 (4th Cir. 2021).  Courts, in considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility.  See United States v. Brady, S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (citing and gathering cases).  Thus, compassionate release motions amid the COVID-19 pandemic require a "fact-intensive" inquiry.  See United States v. Shakur, No. 82 CR 312 (CSH), 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020).

Defendant's general fear of COVID-19, standing alone, does not entitle him to release. In this case, defendant does not point to <u>any</u> preexisting medical conditions that place him at a high risk of severe illness should he contract COVID-19. Indeed, Harris states that he has "had Covid 19". He has, therefore, already contracted the disease and recovered. At this juncture, he has not shown extraordinary and compelling reasons for release based on the pandemic. "[A] generalized assertion of the existence of the pandemic alone cannot independently justify compassionate release." <u>United States v. Remy</u>, CRIMINAL ACTION NO. 2:18-cr-00201, 2020 WL 3874165, at *2 (S.D.W. Va. Jul. 9, 2020) (denying motion for compassionate release because defendant has "not demonstrated that any cases of COVID-19 exist at FCP Alderson.") (Goodwin, J.); <u>see also</u> <u>United States v. Thompson</u>, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."); <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"); <u>United States v. Day</u>, 474 F. Supp. 3d 790, 805 (E.D. Va. 2020) ("[W]hile the global health crisis is no doubt extraordinary, it affects all prisoners; and the risk of

being infected by COVID-19, standing alone, fails to justify an inmate's compassionate release."); United States v. Chandler, No. 3:15mj122 (DJN), 2020 WL 6139945, at *5 (E.D. Va. Oct. 19, 2020) ("Indeed, a general fear of contracting COVID-19, without a sufficient basis for that fear, does not provide an extraordinary and compelling reason for a defendant's release.").

### III.

Having considered the entire record in this matter, the court concludes that Harris has not presented extraordinary and compelling reasons that would justify his release. Therefore, the court **DENIES** defendant's motion for compassionate release. His request for counsel is likewise **DENIED**.

The Clerk is directed to send a copy of this Order to counsel of record, any unrepresented parties, and the Probation Office of this court.

It is SO ORDERED this 15th day of February, 2022.

ENTER:

David A. Faber
Senior United States District Judge